■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD H. GRIFFITH, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 26, 1965, convicting him of attempted possession of a dangerous weapon as a felony, upon a plea of guilty, and imposing sentence. Defendant's appeal has brought up for review an intermediate order of said court, entered May 20, 1964, after a hearing, which denied his motion to suppress certain evidence. Order reversed, on the law and the facts, and action remitted to the County Court, Nassau County, for a further hearing on the motion to suppress and for further proceedings in accordance herewith. Pending such further hearing and proceedings, determination of the appeal from the judgment of conviction will be held in abeyance. Upon such new hearing all the available and relevant facts should be adduced and a determination de novo, stating in writing the specific facts found, should be made by the court. Thereupon, the procedure prescribed in People v. Mullgrav (23 A D 2d 855, 856) should be followed. As a result of a tip given by an informer, defendant was arrested without a warrant in connection with a robbery then under investigation by the police. Defendant was in an automobile at the time of the arrest and a contemporaneous search of the car revealed two sawed-off shotguns. The police were justified in acting upon the information received from the informer because that information dovetailed in all substantial respects with the information received from the victims of the crime. Therefore, reasonable cause existed to make the arrest, and the search incidental thereto was proper. However, on the suppression hearing, the trial court refused to allow the defense to elicit facts as to the informer's

identity. This was error, because it deprived the defense of the opportunity of showing that there was no reliable informer or, if there was, that his communication to the police was different from that testified to and that, for either of these reasons, the police did not have probable cause to make the arrest (*People* v. *Malinsky*, 15 N Y 2d 86, 94). The identity of the informer need not be disclosed where there is evidence either of grounds independent of the informer's communication to support reasonable cause for the arrest or evidence corroborating the fact that the communication from a reliable informer was actually received, for example, the testimony of additional witnesses to the communication. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.